IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS GOELLER,  )
  )
    Plaintiff,  )
  )
v.  ) No. 04 C 3908
  )
INTERNATIONAL BUSINESS MACHINES  )
CORPORATION,  )
  )
    Defendant.  )

MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

Plaintiff Thomas Goeller ("Goeller"), filed a two count complaint on June 10, 2004 against his former employer International Business Machines Corporation ("IBM"), alleging that IBM violated the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 *et seq.*, and the Age Discrimination Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621 *et seq.*. IBM filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure, ("Rules"), on February 15, 2005. (Dkt. No. 12). For the reasons set forth below, this court grants IBM's motion for summary judgment.

BACKGROUND

Goeller worked at IBM in a variety of technical and sales positions for October 1974 until February 2003, a period of 28 years and 5 months[1]. (Dkt. No. 15 at ¶¶ 1, 2, 3, 47). Although his 28 years of service entitled Goeller to a level of benefits under IBM's Retirement Plan, he did not qualify for a full pension because he lacked the full 30 years of service required for the vesting of

---

[1] Unless otherwise noted, the following factual information is uncontested by the parties as presented through their filings under Local Rule 56.1.

a full pension under the plan. (*Id.* at ¶ 48, 49).

Both parties agree that Goeller started in a newly created sales position in January 2001. IBM argues that Goeller was asked, not forced, to take this new position and chose to do so. (*Id.* at ¶ 17, 20). Goeller disputes this fact and argues that he was pressured into taking the new sales job by the regional manager. (Dkt. No. 22 at ¶ 17). Goeller contends that he was very concerned in 2001 about taking the new sales job because he was happy in his old job (Dkt. No. 23 at Ex. 1, ¶ 4), he had seen IBM create jobs similar to this new sales position in the past and those jobs had "gone away," (*Id.* at ¶ 5), and he took the new sales job only after various assurances that the job was not going away. (*Id.* at ¶ 9,10).

IBM asserts that the sales position Goeller accepted in January 2001 was eliminated as part of a company wide reduction in force in February 2003. According to IBM, IBM recognized that the sales position that Goeller and four other individuals in Goeller's division held at the beginning of 2003 were similar to another sales and support position at IBM. (*Id.* at ¶ 27). IBM decided to eliminate these certain similar sales positions nationwide, including Goeller's position, as part of the nationwide reduction in force. (*Id.*) As a result, IBM laid off a total of 160 employees. (*Id.* at ¶ 43).

According to IBM, the final decision of whether to layoff any sales position employee was left to the regional manager. (*Id.* at ¶ 30). Each regional manager was allowed to decide to save the sales employee's position but was then obligated to find another similar position in the region to eliminate. (*Id.*) Goeller's regional manager Andre Brazeau ("Brazeau"), was the person who made the final decision eliminating Goeller's position. Because the final decision was left to the regional sales manager, other individuals in the same sales position as Goeller in other regions remained at IBM even though their respective sales positions had originally been slated for elimination.

IBM asserts that the decision to eliminate Goeller's position had nothing to do with Goeller's age or his pension. Goeller's position was eliminated, according to IBM, as a result of a legitimate non-discriminatory business decisions.

After being notified that he was being laid off, Goeller attempted to locate another position within IBM in hope of completing his 30 years with IBM in order to qualify for the full pension. (*Id.* at ¶ 60-63). Goeller applied to various positions within IBM but was turned down for these positions. He was forced to leave the company short of his full pension in 2003.

## STANDARD OF REVIEW

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). This court's function is not to weigh the evidence and determine the truth of the matter, but to determine whether there is a genuine issue for trial. A party who bears the burden of proof on a particular issue, however, may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986).

In considering a motion for summary judgment, this court is not required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d

892, 898 (7th Cir. 2003). Finally, the evidence relied upon must be competent evidence of a type otherwise admissible at trial. *Stinnett v. Iron Work Gym/Exercise Health Spa, Inc.*, 301 F.3d 610, 613 (7th Cir. 2002).

## ANALYSIS

IBM argues that it is entitled to summary judgment because based on Goeller's failure to comply with the requirements of the Local Rules, he has not provided evidence that demonstrates the existence of a genuine issue of fact. On the merits, IBM argues that even if the court considers Goeller's self-serving affidavit, which is the primary evidence presented in the record by Goeller, summary judgment should still be granted in IBM's favor because there is no direct or indirect evidence of discrimination by IBM. IBM argues that the decision to terminate Goeller's original position and his inability to find a new position at IBM was due to legitimate non-discriminatory reasons that had nothing to do with his age or pension status.

The court agrees with IBM that Goeller has failed to follow the requirements of Local Rule 56.1 and therefore has failed to demonstrate the existence of a genuine issue of material fact sufficient to justify taking the case to trial. The court also agrees with IBM that even in considering Goeller's affidavit and other supporting materials under the summary judgment standard, the evidence shows that Goeller was terminated and denied other positions at IBM for legitimate non-age or pension status reasons.

Summary judgment is the "moment in a lawsuit, when a party must show what evidence it has that would convince a trier of fact to accept its version of events." *Koszola v. Bd. of Educ. of City of Chicago*, 385 F.3d 1104, 1111 (7th Cir. 2004) (quoting *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 901 (7th Cir. 2003)). In considering a motion for summary judgment, this court is not

4

required to scour the record in search of evidence to defeat the motion; the nonmoving party must identify with reasonable particularity the evidence upon which the party relies. *Johnson v. Cambridge Indus., Inc.*, 325 F.3d 892, 898 (7th Cir. 2003). The nonmoving party, who in this case is Goeller, "cannot rest on his own deposition, or self-serving affidavits to meet his burden of proof." *Gilmor v. Abbott Labs.*, No. 03 C 9076, 2005 WL 947082, at *6 (N.D. Ill. Apr. 11, 2005). "Conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact." *Adusumilli v. Palliative Care Ctr.*, No. 03 C 7704, 2004 WL 2812089, at *5 n.4 (N.D. Ill. Dec. 8, 2004) (quoting *Patterson v. Chicago Ass'n for Retarded Citizens*, 150 F.3d 719, 724 (7th Cir. 1998)).

Local Rule 56.1 requires the parties to provide statements summarizing the material facts that they believe either entitle them to summary judgment or a denial of summary judgment based on their respective positions. *See Malec v. Sanford*, 191 F.R.D. 581 (N.D. Ill. 2000) (proving a comprehensive overview of the summary judgment procedure under the Local Rules for the Northern District of Illinois). A party's failure to respond to the other side's statement of facts results in those facts being considered undisputed and admitted for the purpose of summary judgment. *Id.* at 583-84. Furthermore, a general denial of the facts is not sufficient. Instead, a party wishing to dispute a fact contained in the other party's statement must provide appropriate citation to the record of other evidence sufficient to demonstrate a genuine issue of material fact. *Id.*

Goeller fails to meet his responsibilities under Rule 56 and Local Rule 56.1. His primary evidence is his own affidavit which does not provide information sufficient to advance his case beyond mere allegations and conclusory statements. The other evidence Goeller provides consists of a handout of the termination process, an email, a one page excerpt from a deposition and an

affidavit by a co-worker. These items, when considered with all the other evidence in the record in the light most favorable to Goeller, fail to demonstrate a genuine issue of material fact.

Even if Goeller had evidence that may create a genuine issue of material fact, that evidence was not properly presented in compliance with the required procedures of Local Rule 56.1. Goeller's response to IBM's 56.1 materials admits almost all of the facts presented by IBM. When Goeller's response disagrees with IBM's facts, it merely provides a general citation to one of his supporting documents, such as Exhibit 1 or 2, without citation to the page or paragraph of the document. At other times, Goeller's response includes general denials without any citation to the record.

Goeller's failure to provide evidence sufficient to demonstrate a genuine issue of material fact, and his failure to present that information in the proper format under Local Rule 56.1, is sufficient on its own for the granting of IBM's motion for summary judgment. However, even on the merits of the case, ignoring Goeller's procedural deficiencies, IBM would still be entitled to summary judgment.

Both of Goeller's claims, his ADEA claim and his ERISA claim, are evaluated under the *McDonnell Douglas* format. *Fairchild v. Forma Scientific, Inc.*, 147 F.3d 567, 571, 576 (7th Cir. 1998). Goeller can defeat summary judgment by (1) demonstrating through direct evidence that age and or pension status were the reason for his termination or (2) use the indirect, burden-shifting method of proof. *Id.* IBM properly notes that Goeller has never argued that this is a direct evidence type case and Goeller has never provided direct evidence of discrimination by IBM.

Under the *McDonnell Douglas* burden shifting indirect method for an ADEA claim based on termination of employment, Goeller must first establish a *prima facie* case of discrimination by demonstrating that he was a member of the protected class; (2) he was performing at a satisfactory

level; (3) that he was subject to an adverse employment action; and (4) he was treated less favorably than younger, similarly situated employees. *Schuster v. Lucent Tech., Inc.*, 327 F.3d 569, 574 (7th Cir. 2003). Goeller can demonstrate the first three elements because he was over 40 years old and IBM does not dispute that he was performing at a satisfactory level and that the was subject to an adverse employment action.

Goeller, however, is unable to demonstrate that he was treated less favorably than younger employees. IBM argues that Goeller was terminated as part of a reduction in force during a general downsizing in the company. IBM argues that the decision making process was a two-tier process, the first decision made at a division-wide level and then a second and final decision made at the regional level.

Goeller cannot demonstrate that he was treated less favorably than similarly situated younger employees. Younger employees in comparable positions in other regions were also terminated under the reduction in force plan while other employees with comparable ages to Goeller remained in their positions. IBM also properly notes that Goeller has not provided any evidence that the original decision maker at the division level, who decided to eliminate Goeller's position, had any knowledge of Goeller's age.

Goeller also argues that he was denied an opportunity to continue with the company due to age discrimination. Goeller needed to reach 30 years with the company to obtain a full vesting of his pension. After being notified of his termination from his original position, Goeller was given approximately one month to search for a new position within the company. Goeller applied to approximately a dozen positions during the intervening period but was rejected from each position.

Goeller attempts to argue for age discrimination under the direct and indirect methods.

Under the direct method, Goeller includes a statement in his affidavit that the hiring manger for one of the positions, Monica Chambers, told him that he was qualified for the position but that he was too old for the position because IBM was looking to hire someone younger, perhaps right out of college, for the position.

IBM properly notes that this statement is questionable at best and the court agrees that it should be disregarded for the purposes of summary judgment. Chamber's statement is not provided through a deposition but instead is made by Goeller through his own self-serving affidavit. Goeller has not provided any other evidence to support his claim that Chamber's made this statement. He does not provide the court with evidence as to the age of the person who was hired for the job. Nor does he try to confirm the statement by asking Chamber's about it in a deposition or provide a third party or other supporting evidence to confirm his version of events. Goeller cannot use this self-serving affidavit to demonstrate direct evidence of discrimination.

As for indirect evidence of discrimination, Goeller has failed to provide any evidence that he was qualified for any of the new positions for which he applied. Nor does he provide any evidence as to who ultimately received these positions. Therefore, Goeller has not demonstrated that he was either qualified for these positions or that he was discriminated against in favor of a younger applicant.

As for his ERISA claim, Goeller must demonstrate more than just that he was terminated and therefore lost the benefit of receiving his fully vested pension. Instead, Goeller must demonstrate that IBM terminated him with the "specific intent of preventing him" from obtaining his full pension benefit. *Lindemann v. Mobil Oil Corp.*, 141 F.3d 290, 295 (7th Cir. 1998). "No action lies where the alleged loss of rights is a mere consequence, as opposed to a motivating factor behind the

termination." *Id.*

Goeller has provided no evidence to demonstrate that anyone at IBM was aware of his pension status when the decisions were made to either eliminate his position or to deny him a new position at the company. The only piece of evidence that remotely involves his pension status is that a one-year bridge period was included in the severance package for employees terminated under his reduction in force program. This would allow employees with 29 years of service to bridge to a full vested 30 year pension. Goeller states that he requested an extended bridge since he was not yet to 29 years of service but IBM states that it turned him down because to make an exception for one employee could expose it to other ERISA liability for other terminated employees.

Goeller does not provide any evidence to demonstrate that IBM had direct intent to discriminate against him based on pension status or indirect evidence sufficient to justify burden shifting. *Id.* ("Discharge or denial of employment under circumstances that provide some basis for believing that the prohibited intent was present). He makes reference to a prior IBM policy of providing a longer multi-year bridge period in other layoff situations but a change in IBM policy to a one year bridge does not show evidence of intent to discriminate based on pension status. Goeller also tries to imply that he was put into the sales position that was eventually eliminated against his will or that this was part of an elaborate IBM plan to eliminate him before the vesting of his pension. However, there is nothing in the record, beyond Goeller's speculation, to demonstrate that IBM ever intended to put Goeller in a vulnerable position or to push him out the door before his full 30 years of service.

## CONCLUSION

For the reasons set forth above, IBM's motion for summary judgment of February 15,

2005 (Dkt. No. 12) is granted. Judgment is entered in favor of defendant International Business Machines Corporation against plaintiff Thomas Goeller. All pending motions are moot and the trial schedule and all other dates set on September 16, 2004 are vacated.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: May 31, 2005